IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 2:21-cr-98-MHT-SMD |
| ) | |
| CAESAR JAY LEAL, JR. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Defendant Caesar Jay Leal, Jr. (Leal) is charged with *inter alia* conspiring to possess with intent to distribute 50 or more grams of methamphetamine. *Superseding Indictment* (Doc. 8) pp. 1–2. The charges stem from a package containing approximately one pound of methamphetamine that postal inspectors seized from the mail in March 2016. *Id.* A grand jury indicted Leal in March 2021. *Id.* Leal now moves to dismiss on the grounds that the almost five-year pre-indictment delay violates his due process rights under the Fifth Amendment. *Mot. to Dismiss* (Doc. 40) p. 1. Having considered the parties' briefs and held an evidentiary hearing on the matter, the undersigned concludes that Leal has not met his burden of proving unconstitutional pre-indictment delay and therefore recommends that his motion be denied.

**I.    BACKGROUND**

These facts are taken from the Government's opposition brief. *Opp.* (Doc. 45) pp. 1–2. In March 2016, postal inspectors became suspicious of a package mailed from Yuba City, California, to Wing, Alabama. *Id.* at 1. The inspectors had a drug-detection dog sniff the package, and the dog alerted to the presence of narcotics. *Id.* Following the dog alert, the inspectors obtained a warrant to search the package. *Id.* Inside the package,

they found a padded manila envelope containing approximately one pound of methamphetamine. *Id.* at 1–2. They submitted the outer box and manila envelope to the Postal Inspection Service's forensics laboratory for analysis. *Id.* at 2.

In November 2016, the lab discovered four fingerprints ostensibly matching Leal on two pieces of tape removed from the manila envelope. *Id.* In March 2021, a grand jury indicted Leal on one count of conspiring to possess with the intent to distribute 50 or more grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), 846, and one count of aiding and abetting the unlawful use of a "communication facility"[1] in violation of 21 U.S.C. § 843(b) and 18 U.S.C. § 2(a). *Superseding Indictment* (Doc. 8) pp. 1–2.

## II.   LEGAL STANDARD

Although the statute of limitations typically sets the outer limit of permissible pre-indictment delay, the Due Process Clause of the Fifth Amendment may bar an indictment brought within the statute of limitations under certain narrow circumstances. *United States v. Foxman*, 87 F.3d 1220, 1222 (11th Cir. 1996). Due process requires dismissal of an indictment when a defendant shows that: (1) the delay caused actual prejudice to his defense, and (2) the delay resulted from a deliberate design by the Government "to gain a tactical advantage." *United States v. Thomas*, 62 F.3d 1332, 1339 (11th Cir. 1995).

---

[1] In this context, a communication facility "means any and all public and private instrumentalities used or useful in the transmission of writing, signs, signals, pictures, or sounds of all kinds and includes mail, telephone, wire, radio, and all other means of communication." 21 U.S.C. § 843(b).

Defendant bears the burden of proof on both elements. *Stoner v. Graddick*, 751 F.2d 1535, 1542 (11th Cir. 1985) (per curiam).

The Eleventh Circuit explains that "[t]his standard is 'an exceedingly high one.'" *United States v. Butler*, 792 F.2d 1528, 1533 (11th Cir. 1986) (quoting *Tiemens v. United States*, 724 F.2d 928, 929 (11th Cir. 1984) (per curiam)). The first element requires a showing of "substantial prejudice"—i.e., the type that would "impair the fairness of the trial." *United States v. LeQuire*, 943 F.2d 1554, 1560 (11th Cir. 1991) (quoting *United States v. Solomon*, 686 F.2d 863, 871 (11th Cir. 1982)). The second element requires a showing that the Government's "motivations behind the delay" violated "fundamental conceptions of justice, or a sense of fair play or decency." *United States v. Wetherald*, 636 F.3d 1315, 1324 (11th Cir. 2011) (quoting *Solomon*, 686 F.2d at 871).

**III.   EVIDENTIARY HEARING**

On August 31, 2021, the undersigned held an evidentiary hearing on Leal's motion to dismiss. *Minute Entry* (Doc. 55) p. 1. Leal was the only witness for the defense, and the Government called no witnesses. *Tr.* (Doc. 58) pp. 2–3, 11. Leal testified that, in March 2016, around the time the package was mailed from California, he had multiple residences. *Id.* at 3. He lived in Illinois the majority of the time, but also kept a residence in California. *Id.* He also traveled quite a bit, including trips to Washington, D.C., South Carolina, Alabama, and Florida, to see friends. *Id.* at 4.

Although Leal had a cell phone during this time, he no longer remembers the number or carrier. *Id.* at 3–4, 7. Leal can generally remember his travels during spring 2016, but cannot remember his exact location on any given day or week. *Id.* at 10. Leal

3

argues that, without access to his cell phone data from this time, he cannot effectively mount an alibi defense showing that he was not present in California when the package was mailed. *Id.* at 11. Leal presented no testimony or other evidence concerning the reasons for the Government's delay in indicting him.

IV.   **ANALYSIS**

Leal must prove both actual prejudice and deliberate delay by the Government to gain a tactical advantage in order to establish unconstitutional pre-indictment delay. *See Stoner*, 751 F.2d at 1543. The Government's intent in delaying the prosecution is a fact question on which Leal bears the burden of proof. *Id.* Here, the Government explains that the delay was due to the COVID-19 pandemic and staff changes within the U.S. Attorney's Office. *Opp.* (Doc. 45) p. 5. Leal concedes that he has no evidence establishing that the Government delayed his indictment with the intent to gain a tactical advantage. *Tr.* (Doc. 58) pp. 12, 15. Accordingly, his motion fails.

Additionally, Leal's motion fails because he has not proven actual prejudice. The issue of prejudice is a mixed question of law and fact. *Stoner*, 751 F.2d at 1543 n.8. Speculative allegations, such as loss of potential witnesses and memories fading over time, are insufficient to demonstrate actual prejudice. *See, e.g.*, *United States v. Barragan*, 752 F. App'x 799, 801 (11th Cir. 2018) (per curiam); *Butler*, 792 F.2d at 1533; *United States v. Radue*, 707 F.2d 493, 495 (11th Cir. 1983) (per curiam).

Here, Leal argues that, due to the passage of time and the loss of his cell phone data, he cannot mount an alibi defense showing that he was not in California when the package was mailed. This argument is pure speculation. Leal cannot remember where he was on

4

any particular day or week during spring 2016. It is just as likely that the missing cell phone data would establish his presence in California when the package was mailed. And of course, the drugs could have been packaged by Leal and mailed by someone else. The fact that Leal no longer has his cell phone data from 2016 does not establish actual prejudice, and therefore, his motion fails on this ground as well.

V.    **CONCLUSION**

Leal has failed to satisfy his burden of proving unconstitutional pre-indictment delay. He has proven neither Government intent to gain a tactical advantage nor actual prejudice. Accordingly, the undersigned RECOMMENDS that Leal's motion to dismiss for pre-indictment delay (Doc. 40) be DENIED.

It is ORDERED that the parties shall file any objections to this Recommendation on or before **October 1, 2021**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which each objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation, and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see also Stein v. Lanning Secs., Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 17th day of September, 2021.

_____
Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE