IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:21cr98-MHT |
| | ) | (WO) |
| CAESAR JAY LEAL, JR. | ) | |

ORDER

This cause is before the court on defendant Caesar Jay Leal, Jr.'s unopposed motion to continue his trial. For the reasons set forth below, the court finds that jury selection and trial, now set for October 25, 2021, should be continued pursuant to 18 U.S.C. § 3161.

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161.  The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in

>which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such a continuance, the court may consider, among other factors, whether a failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant ... the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Leal in a speedy trial. Defense counsel is still investigating the allegations, which include conduct in multiple states. Defense counsel is working with a forensic expert to examine

the government's fingerprint evidence. A continuance may also allow the parties to discuss whether the matter might be resolved without trial. And, finally, defense counsel represents that the government does not oppose the requested trial continuance. The court finds that a continuance of the trial is necessary in order to ensure that the parties can present their sides effectively.

***

Accordingly, it is ORDERED as follows:

(1) Defendant Caesar Jay Leal, Jr.'s motion to continue trial (Doc. 61) is granted.

(2) The jury selection and trial, now set for October 25, 2021, are reset for January 24, 2022, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

The United States Magistrate Judge shall conduct a pretrial conference prior to the January 2022 trial

term and, where warranted, shall reset the deadlines for filing pretrial motions and notice of change of plea in light of this order.

DONE, this the 30th day of September, 2021.

                                                /s/ Myron H. Thompson
                                         UNITED STATES DISTRICT JUDGE