IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )    CRIMINAL ACTION NO.
    v.                      )       2:21cr98-MHT
                            )          (WO)
CAESAR JAY LEAL, JR.        )
```

ORDER

This cause is before the court on defendant Caesar Jay Leal, Jr.'s unopposed motion to continue his trial. For the reasons set forth below, the court finds that jury selection and trial, now set for January 24, 2022, should be continued pursuant to 18 U.S.C. § 3161.

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161.  The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in

which such charge is pending, whichever date
last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such a continuance, the court may consider, among other factors, whether a failure to grant the continuance "would be likely to ... result in a miscarriage of justice." § 3161(h)(7)(B)(i).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Leal in a speedy trial. The emergence of the Omicron variant of COVID-19 has led researchers to forecast a surge of "about 140 million new infections from Jan. 1 to March 1, 2022, peaking in late-January at about 2.8 million new daily infections." Adrianna Rodriguez, *'Enormous spread of omicron' may bring 140M new COVID infections to US in*

*the next two months, model predicts*, USA TODAY (Dec. 22, 2021),

https://www.usatoday.com/story/news/health/2021/12/22/covid-omicron-variant-ihme-models-predict-140-m-new-infections-winter/8967421002/.   The government does not oppose the requested trial continuance.   The court finds that a continuance to avoid conducting this jury trial during a peak period of new infections is necessary to protect public safety and to ensure the fairness of Leal's trial.

That being said, Leal argues for a continuance in part based on his objection "to conducting a jury trial where everyone is wearing masks or other face coverings, as this would impede his ability and the ability of [defense counsel] to observe the facial expressions of prospective jurors during voir dire, and the facial expressions of those selected to serve on the jury during trial."   Def.'s Second Mot. to Continue Trial (Doc. 76) at 3.   There is no certain date by

3

which a jury trial without face coverings, as Leal appears to request, could be feasible.   The court is currently operating under a general order that "all persons involved in jury selection ... [a]re required to wear a mask or face covering while inside the Courthouse when they are involved in jury selection, unless having received specific instruction not to do so by a Court official."   General Order, No. 2:20-mc-3910-ECM, Doc. 19 (Oct. 29, 2021) at 1.   When face coverings are not required by this general order, this court retains discretion to require that they be worn during any proceeding.  *See id.*

Moreover, taken to its logical conclusion, Leal's argument could be interpreted to request a continuance not only until face coverings are no longer required during jury proceedings, but until such time as the court could prohibit jurors from exercising their choice to wear face coverings.   Leal cites to no authority requiring the court to prohibit jurors from

wearing face coverings if they so choose. If circumstances warrant requiring face coverings or otherwise allowing jurors to choose to wear them, the court will do so.

**\*\*\***

Accordingly, it is ORDERED as follows:

(1) Defendant Caesar Jay Leal, Jr.'s motion to continue trial (Doc. 76) is granted.

(2) The jury selection and trial, now set for January 24, 2022, are reset for March 14, 2022, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

The United States Magistrate Judge shall conduct a pretrial conference prior to the new trial term.

DONE, this the 12th day of January, 2022.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE