IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA      )
                              )    CRIMINAL ACTION NO.
     v.                       )       2:21cr98-MHT
                              )           (WO)
CAESAR JAY LEAL, JR.          )
                              )
```

ORDER

This case comes before the court on the government's motion in limine and notice of intent to use Federal Rule of Evidence 404(b) evidence. The government requests permission to admit extrinsic evidence that, according to the government, will show that defendant Caesar Jay Leal, Jr. was convicted for possession of marijuana with intent to deliver in the District Court of Grand Forks County, North Dakota. *See* Government's Mot. in Limine (Doc. 74) at 1.

Under Federal Rule of Evidence 404(b), while "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with that character," the evidence "may be

admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(1)-(2). The government argues that the evidence at issue is relevant and admissible as proof of Leal's intent to participate in the alleged drug conspiracy. *See* Government's Mot. in Limine (Doc. 74) at 2.

At this time, a decision on the admissibility of this evidence under Rule 404(b) and Rule 403 (providing that relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice) is premature. The relevance of this evidence for either of the purposes asserted by the government or as rebuttal evidence will likely depend on the other evidence presented by either party.

***

Accordingly, it is ORDERED that the request in the government's motion in limine and notice of intent to

use 404(b) evidence (Doc. 74) that the court rule on the admissibility of the proffered evidence is granted as follows:

(1) The government shall not mention the proffered evidence in its opening statement.

(2) The government shall not elicit this evidence without first obtaining a ruling on the admissibility of this evidence from the court outside the presence of the jury.

(3) Nevertheless, defendant Caesar Jay Leal, Jr. should still be prepared to respond to the evidence at trial should the court find that it is admissible and can be heard by the jury.

DONE, this the 28th day of January, 2022.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE