IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:21cr98-MHT |
| | ) | (WO) |
| CAESAR JAY LEAL, JR. | ) | |

ORDER

This cause is before the court on the government's unopposed motion to continue defendant Caesar Jay Leal, Jr.'s trial. For the reasons set forth below, the court finds that jury selection and trial, now set for September 12, 2022, should be continued pursuant to 18 U.S.C. § 3161.

While the granting of a continuance is left to the sound discretion of the trial judge, see *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or

> from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such a continuance, the court may consider, among other factors, whether a failure to grant the continuance "would be likely to make a continuation of [the] proceeding impossible, or result in a miscarriage of justice." § 3161(h)(7)(B)(i). However, the Act does not permit a continuance to be granted under § 3161(h)(7)(A) based on "lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government." § 3161(h)(7)(C).*

---

\* The Act also excludes from the 70-day period "[a]ny period of delay resulting from the ... unavailability of ... an essential witness."

The government has informed the court that a latent fingerprint analyst whose testimony is necessary to the government's case has a scheduling conflict with the current trial date due to a preplanned vacation. The current trial date was set roughly two weeks prior to the filing of the instant motion, in light of continuance entered on July 5, 2022, moving the trial from August 9, 2022, to September 12, 2022. Leal is not in custody and does not oppose a continuance. Based on these considerations, and in light of the fact that the government could not have anticipated and planned around the current trial date before it was set, the court concludes that the ends of justice

---

§ 3161(h)(3)(A). "[A]n essential witness shall be considered unavailable whenever his whereabouts are known but his presence for trial cannot be obtained by due diligence ...." § 3161(h)(3)(B); see also, e.g., *United States v. Barragan*, 793 F.2d 1255, 1258 (11th Cir. 1986) (Coast Guard officials on sea duty were unavailable witnesses). The court does not reach the issue of whether, based on the government's representation discussed below, the period of delay attributable to granting the requested continuance is excluded under § 3161(h)(3)(A).

served by granting the continuance outweigh the interest of the public and Leal in a speedy trial.

\*\*\*

Accordingly, it is ORDERED as follows:

(1) The government's unopposed motion to continue defendant Caesar Jay Leal, Jr.'s trial (Doc. 198) is granted.

(2) The jury selection and trial, now set for September 12, 2022, are reset for October 31, 2022, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

The United States Magistrate Judge shall conduct a new pretrial conference prior to the new trial term.

DONE, this the 20th day of July, 2022.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE