IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | CRIMINAL ACTION NO. |
| v.    ) | 2:21cr98-MHT |
| ) | (WO) |
| **CAESAR JAY LEAL, JR.**   ) | |

ORDER

This cause is before the court on defendant Caesar Jay Leal, Jr.'s motion to continue trial. For the reasons set forth below, the court finds that jury selection and trial, now set for March 13, 2023, should be continued pursuant to 18 U.S.C. § 3161.

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in

>    which such charge is pending, whichever date
>    last occurs."

§ 3161(c)(1).  The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  § 3161(h)(7)(A).  In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," § 3161(h)(7)(B)(iv).

Although the government opposes Leal's request for a continuance, the court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Leal in a

2

speedy trial.  Leal represents that a continuance is needed to secure the availability of a key witness, whose recent health issues will require pacemaker surgery in order to ensure the witness can travel safely.  *See* Motion to Continue Trial (Doc. 258) at 2.

While Leal requested that the trial be continued generally, he agreed that a July trial date would be realistic in light of his witness's medical needs.  A July trial date also takes into account the limited availability of a witness for the government, based on the government's representations at a hearing on the record on March 7, 2023.

***

Accordingly, it is ORDERED as follows:

(1) The motion to continue trial (Doc. 258) is granted to the extent it seeks to postpone the currently scheduled trial, but the court does not grant Leal's request for a general continuance.

(2) The jury selection and trial, now set for March 13, 2023, are reset for July 24, 2023, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

The United States Magistrate Judge shall conduct a pretrial conference prior to the new trial term and shall postpone the change-of-plea and any other appropriate deadlines.

DONE, this the 8th day of March, 2023.

                                                             /s/ Myron H. Thompson
                                           **UNITED STATES DISTRICT JUDGE**