IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )    CRIMINAL ACTION NO.
     v.                     )         2:21cr98-MHT
                            )            (WO)
CAESAR JAY LEAL, JR.        )
```

ORDER

The court has before it the government's motion in limine (Doc. 134) seeking a pre-trial ruling "excluding any testimony or argument concerning the passage of time" between the alleged offense and the indictment. The court also has before it an argument recently advanced by the government, raising concerns about a "Golden Rule" issue--specifically, that defense counsel will improperly encourage the jury to "put themselves in the shoes of the plaintiff" regarding the fairness of the delay between the alleged crime and the indictment. The court held oral argument regarding the motion in limine on March 2, 2023, and heard the parties' arguments regarding the "Golden Rule" issue at a July 19, 2023, status conference on the record.

At both the March 2 oral argument and the July 19 status conference, defense counsel contended that the government mischaracterized its intentions with regard to the almost five-year delay.  With regard to the motion in limine, the defendant argues that the passage of time is crucially relevant for several reasons, including many that are unrelated to the fairness (or lack thereof) of a delayed indictment.  Those reasons include asking a particular witness whether, as the years went by, his or her memories may have fade or become otherwise less reliable.

Regarding the "Golden Rule" argument, defense counsel argued at the July 19 status conference that asking the jury to put itself in the defendant's shoes is appropriate in several contexts, such as asking jurors to consider whether witnesses' arguably faded memories are sufficient to satisfy the high evidentiary standards of a criminal trial.

As a result of the above arguments, the court believes that both issues require a nuanced resolution,

distinguishing between appropriate and inappropriate references to the passage of time.

Therefore, pending a resolution from the bench, outside of the presence of the jury, it is ORDERED that defense counsel shall not argue the two issues before the jury until after the court has ruled on what aspects of his proposed arguments are admissible and what aspects are not. The government's motion in limine (Doc. 134) is granted in part and denied in part to this extent.

DONE, this the 21st day of July, 2023.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE